# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| SAUL ISAAC FLORES | § | |
| | § | |
| V. | § | A-18-CV-959-LY |
| | § | |
| LORIE DAVIS[1] | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 and Memorandum in Support (Document 1). Petitioner, represented by counsel, has paid the $5.00 filing fee. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

## I. STATEMENT OF THE CASE

### A.    Petitioner's Criminal History

According to Petitioner, the Director has custody of him pursuant to a judgment and sentence of the 331st Judicial District Court of Travis County, Texas. Petitioner was convicted of capital murder and was sentenced to life in prison on June 8, 2000. Petitioner's conviction was affirmed

---

[1] Although Petitioner named Warden Rocky Moore as Respondent, Lorie Davis, the current Correctional Institutions Division Director, is the proper respondent and will be substituted as such.

on October 18, 2001. Flores v. State, No. 03-00-00579-CR, 2001 WL 1240692 (Tex. App. – Austin 2001, no pet.). Although Petitioner was granted an extension of time until January 18, 2002 to file a petition for discretionary review, he did not.

Petitioner also challenged his conviction in two state applications for habeas corpus relief. The first was filed by counsel on November 7, 2016. The Texas Court of Criminal Appeals dismissed it as non-compliant on May 24, 2017. Ex parte Flores, Appl. No. 86,815-01. The second was filed by counsel on July 24, 2017. The Texas Court of Criminal Appeals denied it without written order on November 15, 2017. Ex parte Flores, Appl. No. 86,815-02.

**B.      Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1. The evidence is insufficient to sustain his conviction;

2. Trial counsel was ineffective for failing to present expert witnesses; and

3. Petitioner was denied due process when the charges against him were changed during jury selection.

## II.  DISCUSSION AND ANALYSIS

**A.      Statute of Limitations**

Federal law establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. See 28 U.S.C. § 2244(d). That section provides, in relevant part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**B.     Application**

Petitioner's conviction became final, at the latest, on January 18, 2002, at the conclusion of time during which he could have filed a petition for discretionary review with the Texas Court of Criminal Appeals. Therefore, Petitioner had until January 18, 2003, to timely file a federal application for habeas corpus relief. Counsel did not file Petitioner's federal application until November 8, 2018, more than 15 years after the expiration of the limitations period.

Petitioner's first state application did not operate to toll the limitations period, because it was not properly filed. An improperly filed state habeas petition has no effect on the one-year time-bar. See Artuz v. Bennett, 531 U.S. 4, 8 (2000) ( "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.")

Petitioner's second state application did not operate to toll the limitations period, because it was filed after the limitations period had already expired. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (state application for habeas corpus relief filed after limitations period expired does not toll the limitations period).

Petitioner argues he was prevented from timely filing his federal application, because the transcript of the voir dire was missing from the appellate record. According to Petitioner, his case was originally certified as a death penalty case. However, he claims the prosecutor changed the case

3

from a death penalty certified case to a non-death penalty case during voir dire. Petitioner asserts the trial court allowed the last minute amendment to which his trial counsel objected and requested a continuance. The voir dire transcript is missing. Petitioner claims this missing transcript prevented him from filing his federal habeas application.

Petitioner appears to be arguing he is entitled to statutory tolling because the missing transcript prevented him from filing his federal application timely. Specifically, Petitioner asserts "[t]he lack of transcript made it impossible for the petition to be filed on time."

Under § 2244(d)(1)(B), the commencement of one-year limitation period is delayed until "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." Id. § 2244(d)(1)(B). Petitioner fails to explain how the missing transcript <u>prevented</u> him from filing his federal application. Clearly, Petitioner was in attendance during voir dire and could have filed his petition without the transcript. Indeed, the current application was filed without the transcript, as Petitioner admits the transcript is still missing. Petitioner does not qualify for statutory tolling.

Petitioner may be asserting he is entitled to equitable tolling because he was unable to obtain the voir dire transcript. The AEDPA's statute of limitations is subject to equitable tolling in proper cases. See Holland v. Florida, 560 U.S. 631, 645 (2010). "A habeas petitioner is entitled to equitable tolling only if he shows '(1) that he ha[d] been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" Mathis v. Thaler, 616 F.3d 461, 474 (5th Cir. 2010) (quoting Holland, 560 U.S. at 649) (alteration in original) (internal quotation marks omitted). Holland defines "diligence" for these purposes as "reasonable diligence,

4

not maximum feasible diligence." 560 U.S. at 653 (internal citations and quotation marks omitted). The Fifth Circuit has repeatedly emphasized that equitable tolling is not available to "those who sleep on their rights." See, e.g., Covey v. Ark. River Co., 865 F.2d 660, 662 (5th Cir. 1989).

Although the Fifth Circuit has permitted equitable tolling in certain cases, it requires a finding of "exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999) (finding "exceptional circumstances" in a case in which the trial court considering the petitioner's application under Section 2254 granted the petitioner several extensions of time past the AEDPA statute of limitations). The Fifth Circuit has consistently found no exceptional circumstances in other cases where petitioners faced non-routine logistical hurdles in submitting timely habeas applications. See Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000) (proceeding pro se is not a "rare and exceptional" circumstance because it is typical of those bringing a § 2254 claim); Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999) (finding no exceptional circumstances where a petitioner did not learn of the AEDPA until 43 days after its passage and spent 17 days in an incapacitated psychiatric and medical condition inside the limitations period); Cantu-Tzin v. Johnson, 162 F.3d 295, 297 (5th Cir. 1998) (finding no exceptional circumstances where a petitioner showed "disdain for and lack of cooperation with state access-to-counsel procedures and the AEDPA deadline"). As the Fifth Circuit has pointed out, "Congress knew AEDPA would affect incarcerated individuals with limited access to outside information, yet it failed to provide any tolling based on possible delays in notice." Fisher, 174 F.3d at 714. The Fifth Circuit explained that equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights," and noted that "excusable neglect" does not support equitable tolling. Coleman v. Johnson,

5

184 F.3d 398, 402 (5th Cir. 1999) (quoting Rashidi v. America President Lines, 96 F.3d 124, 128 (5th Cir. 1996)). The Court finds that Petitioner's circumstances are not "rare and exceptional" in which equitable tolling is warranted. See Tiner v. Treon, 232 F.3d 210 (5th Cir. 2000) (holding allegations that the State, the district attorney, and his attorney on direct appeal would not provide inmate a copy of his state records did not constitute rare and exceptional circumstances warranting equitable tolling). As stated above, Petitioner could have filed a timely federal application without the transcript of the voir dire.

Moreover, Petitioner has not shown he pursued his rights diligently. Petitioner waited more than 14 years to file a state habeas application. Then he waited almost an entire year after the Texas Court of Criminal Appeals denied his state application before filing his federal application. This can hardly be described as due diligence.

In conclusion, Petitioner has alleged no facts showing any equitable basis exists for excusing his failure to timely file his federal habeas corpus application. In addition, the record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III.  RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed with prejudice as time-barred.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V.  OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  <u>Battles v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>See</u> 28 U.S.C. § 636(b)(1)(C);  <u>Thomas v. Arn</u>, 474 U.S. 140, 150-153 (1985); <u>Douglass v. United Servs. Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en</u> <u>banc</u>).

**SIGNED** on November 14, 2018.

_____
MARK  LANE
UNITED STATES MAGISTRATE JUDGE